# GOODYEAR TIRE & RUBBER COMPANY *v.* REPUBLIC RUBBER COMPANY.

### TRADEMARKS; SIMILARITY OF NAMES.

1. For trademark purposes, there is no difference between inner and outer tubes of tires, as both are component parts of automobile and motor cycle tires, are usually made by the same manufacturers, and a complete tire is made up of an outer and an inner tire. (Citing *Woven Steel Hose & Rubber Co.* v. *Keasbey & M. Co.* 41 App. D. C. 247.)

2. The Commissioner of Patents properly dismisses an opposition by the registrant of a trademark consisting of a blue mark imposed circumferentially around a vehicle tire and located centrally of the tread portion thereof, to the application for the registration by another of a trademark for inner tubes comprising a black stripe of uniform width, helically disposed and applied on the surface of the tube, as the two marks are not sufficiently similar to be likely to cause confusion in trade. In such a case, the difference in the color of the respective bands is unimportant. It is the location of the band that makes the difference. (Citing *A. Leshen & Sons Rope Co.* v. *Broderick & B. Rope Co.* 36 App. D. C. 451.)

No. 947. Patent Appeals. Submitted January 15, 1915. Decided March 1, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to an application for the registration of a trademark.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. C. E. Humphrey* and *Mr. T. K. Bryant* for the appellant.

*Mr. William E. Dyre* and *Mr. Henry D. Williams* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents dismissing appellant's opposition to the registration of a trademark.

The Republic Rubber Company applied for the registration of a trademark for inner tubes of tires, comprising a black stripe of uniform width, helically disposed and applied on the surface of the tube.

The Goodyear Tire & Rubber Company in its opposition claims that it obtained the registration of a trademark for elastic vehicle tires, consisting of a blue band or stripe positioned circumferentially on the tire and centrally on the tread portion thereof. This registration was had February 20, 1912. It alleges that the mark of the Republic Rubber Company so nearly resembles its trademark and is so alike as to cause confusion in trade and result in damage to the opposer.

Both tribunals of the Patent Office held that there is no difference between inner and outer tubes of tires, because both are component parts of automobile and motorcycle tires, and usually made by the same manufacturers.

The evidence shows that a complete tire is made up of the outer tire and of the inner rubber one. This conclusion we think is correct. See *Woven Steel Hose & Rubber Co.* v. *Keasbey & M. Co.* 41 App. D. C. 247.

The Examiner of Interferences was of the opinion that the marks were so similar as to be likely to cause confusion in trade, and sustained the opposition. This decision was reversed on appeal to the Commissioner.

It appears from the picture of the trademark filed by the

Republic Rubber Company, that the mark on its inner tubes is a black band helically disposed, and that it makes a number of turns in passing around the tube. It appears, however, that in actual use it makes only two turns in a circumference of 96 inches.

The registration of the Goodyear Rubber Company shows a distinct blue mark imposed circumferentially around the tire and located centrally of the tread portion thereof.

The difference in color of the respective bands is not important. It is the location of the band that makes the difference. *A. Leschen & Sons Rope Co.* v. *Broderick & B. Rope Co.* 36 App. D. C. 451, 455.

The helically disposed or spiral stripe of the Republic Rubber Company is so different from the circumferentially disposed stripe of the Goodyear Company that it is not likely to cause confusion in trade.

The decision appealed from is affirmed, and the clerk will certify this decision to the Commissioner of Patents, as required by law.                      *Affirmed.*